| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| 55-6 | United States District Court, Northern District of Illinois | | | |
| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 01 C 7329 | DATE | 1/24/2003 | |
| CASE TITLE | Buckner vs. DCFS | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant defendant's motion (Doc 21-1) for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 27 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 37 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHEILA BUCKNER, )
)
        Plaintiff, )
)
vs. ) 01 C 7329
)
ILLINOIS DEPARTMENT OF CHILDREN AND )
FAMILY SERVICES, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion for summary judgment brought by Defendant Illinois Department of Children and Family Services ("DCFS"). For the reasons set forth below, we grant the motion.

## BACKGROUND

Plaintiff Sheila Buckner began working for DCFS as a Child Welfare Specialist II on January 30, 1995. Her position required her to perform a variety of casework related to the welfare of children that were subject to child abuse or neglect or in need of child welfare services. Carlton Jackson was Buckner's immediate supervisor during the relevant time period, and Bobby Evans was Jackson's immediate supervisor. On

July 31, 1997, Buckner filed a sexual harassment charge ("Buckner I") against Jackson with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). In January 1998, a fact-finding conference was held at the IDHR to determine the merits of the Buckner I charges. At the conference, Buckner testified against Jackson in Jackson's presence. Shortly thereafter, the alleged retaliation began. Specifically, Buckner complains of the following: she was suspended for three days; she was denied overtime; she was placed on desk duty; she was not allowed to take previously approved vacation time; she was suspended a second time; and she was ultimately fired on July 29, 1998. During the alleged retaliation but before she was fired, Buckner filed a second charge (Buckner II) with the EEOC for retaliation. On September 24, 2001, Buckner filed this lawsuit alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). DCFS does not deny that the above actions occurred, but maintains that all such actions were justified and appropriate.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). The moving party bears

the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is with these principles in mind that we address the motion before us.

## DISCUSSION

To establish a prima facie case of retaliation, Buckner must demonstrate: "(1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting her employer's legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Hilt-Dyson v. City Of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002).

DCFS argues that Buckner has not established a prima facie case, in part, because she was not performing her job according to DCFS's legitimate expectations. Between November 1997 and March 1998, Evans and Jackson received court reports and orders from the Cook County Juvenile Court indicating that Buckner (1) failed to have contact with minor R.H. for over a year, failed to provide accurate or complete information to the court regarding R.H., and arrived late for court; (2) failed to have contact with minors D.A. and G.W. for about seven months, failed to provide services to the minors within an appropriate time frame, had a bad attitude in court, and failed to comply with the court's earlier order; (3) made no reasonable efforts with respect to minors D.A. and G.W.; and (4) missed a court date and arrived late for another court date, had an unconcerned attitude, and failed to complete an interstate compact for minors M. and M.D. who were residing outside of Illinois. DCFS 56.1(a) Statement ¶ 44 (admitted). Buckner offers a multitude of excuses and explanations regarding this extensive history of poor job performance, but (with exception to her bad and unconcerned attitudes–which she denies having) she does not dispute the factual descriptions in the Cook County Court orders and reports. Because she cannot prove that she was performing her job satisfactorily, she has failed to set forth a prima facie case.

Even assuming she set forth a prima facie case, Buckner has failed to rebut DCFS's legitimate motive for disciplining her. If a plaintiff sets forth a prima facie case, the defendant "must offer a legitimate, noninvidious reason for the adverse employment action." *Hilt-Dyson*, 282 at 465. If the defendant offers such a reason, "the burden of production shifts back to the plaintiff to demonstrate the pretextual nature of the proffered reason." *Id.* If the plaintiff "fails to establish pretext, her retaliation claim cannot survive summary judgment." *Id.* DCFS offers legitimate reasons for its actions. Her two suspensions and ultimate termination were for neglecting her job responsibilities. DCFS required her to work instead of taking previously approved vacation time so that she could complete urgent work on at least one of her cases. DCFS denied her overtime pay requests because she failed to follow proper procedures (i.e. she failed to get pre-authorization, as required, prior to working the overtime). DCFS put her on desk duty for two weeks so she could get her files organized. All Buckner can muster in rebuttal is that DCFS's actions were in retaliation because they occurred after she filed her sexual harassment charge. Timing is not enough. If it were, an employee could immunize herself from adverse employment action despite poor work performance, bad attitude, truancy, etc., simply by filing an employment discrimination charge with the EEOC. Furthermore, Buckner even admits that Evans (the person who actually disciplined her) believed the Cook

County Court orders and reports were accurate when she disciplined Buckner. Buckner 56.1(b) Response ¶ 57.

## CONCLUSION

Based on the foregoing analysis, we grant the motion for summary judgment.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 24 2003